# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE SUPERIOR COURTS, et al.,<br><br>    Defendants. | **Case No. 1:18-cv-01397-JLT (PC)**<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

In the complaint, Plaintiff checked the boxes to indicate that there is a grievance process available, that he submitted a grievance on his claims in this action, and that he pursued it to the highest level. (Doc. 1, pp. 3, 5, 7.) However, he also wrote on the line provided to explain and provide reasoning if he had not submitted a grievance at any level. (*Id.*) Specifically, for Claim I, plaintiff wrote: "It is the State parole hearing Boards and CDCR Policy that no remedy is

1

available until the law is made clear by CDCR and its administrative branch." (*Id.*, p. 3.) For Claims II and III, Plaintiff wrote: "No remedy available." (*Id.*, pp. 5, 7.) Hence, it appears that Plaintiff might have checked the boxes indicating his compliance with the administrative remedies in error. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002). Plaintiff may not skip the grievance process merely because he believes or has knowledge that it will not provide the relief he seeks.

Further, since this action was initially filed by three inmates, if a grievance was filed and pursued to the highest level on the claims raised in this action, it is unclear whether this was by Plaintiff's efforts, or if Plaintiff was resting on the acts of one of the other inmate plaintiffs. If the latter is the case, Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. **Plaintiff is warned that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

    Dated:   **October 29, 2018**              **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE